UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL BUGGS,
   Plaintiff,

vs.                                          No. 06-1131

OFFICER CENTELNELA, et.al.,
   Defendants

CASE MANAGEMENT ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff, a federal prisoner, has not specified whether he intended to file his lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) or the Federal Tort Claims Act. (Herein FTCA). The plaintiff has named two defendants: Correctional Officers Centelnela and Giaird. The plaintiff has provided proof that he has exhausted his administrative remedies for a claim pursuant to the FTCA, but he has not named the proper defendant. Therefore, the court will consider both potential causes of action

     The plaintiff says the two officers were responsible for the inventory of his personal property on October 4 and 5 of 2005 at the Federal Correctional Institution in Pekin, Illinois. At some point when the plaintiff attempted to retrieve his property, he found several items missing. The plaintiff says after attempts to regain his property, he believes Officer Giaird threw away several items to reduce his work load. The plaintiff is asking for $154.24 to reimburse him for the loss of his property.

     The plaintiff has failed to state a violation of his constitutional rights. The Supreme Court has held that there is no due process claim for a random and unauthorized deprivation of property, even if the deprivation was intentional, so long as the state provides inmates with suitable post-deprivation remedies. *Hudson v. Palmer*, 468 U.S. 517 (1984). "[ T]he same due process principles apply to the federal government through the Fifth Amendment." *Raditch v United States*, 929 F.2d 478, 481 (9th Cir. 1991). The federal government does provide federal inmates like the plaintiff with a meaningful post-deprivation remedy for his loss through the

1

Federal Tort Claims Act. *Del Raine v Wilford*, 32 F.3d 1024, 1046 (7th Cir. 1994).   Thus, the plaintiff's allegations fail to state a claim under the due process clause.

      However, the plaintiff has adequately alleged a claim under the Federal Tort Claims Act. *See Bigbee v. United States*, 359 F. Supp.2d 806 (W.D.Wis. 2005); *Clark v. United States*, 2006 WL 2037250 (S.D.Ill. 2006). As previously noted, the plaintiff has failed to name the proper defendant.  The Federal Tort Claims Act permits suit only against the United States, not its agencies or employees. 28 U.S.C. §§ 2679(a), (b)(1); *Finley v. United States*, 490 U.S. 545, 552-53 (1989); *see also Hughes v. United States*, 701 F.2d 56, 57 (7th Cir.1982). Since the plaintiff is proceeding pro se, the court will add the United States as a defendant in this case to prevent any further delays.

      **IT IS THEREFORE ORDERED that:**

**1) The clerk of the court is directed to add the United States of America as a defendant in this case.**

**2) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff may proceed against defendant United States of America pursuant to the Federal Tort Claims Act for the loss of his property**

**3) All other claims based on federal law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.   The clerk of the court is directed to dismiss Defendants Centelnela and Giaird from this lawsuit.**

**4)  This case shall proceed solely on the claim pursuant to the Federal Tort Claims Act identified in paragraph two above.  Any claims not set forth in paragraph two above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5) A scheduling order shall be entered in this case.**

**6) The clerk of the court is directed to fill out a service and summons form for the Attorney General of the United States and the United States Attorney for the Central District of Illinois.   The clerk is to provide the service and summons forms, a copy of the complaint, the scheduling order and this Case Management Order to the U.S. Marshals Officer for service upon the defendant.**

**7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 25th day of August, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE