UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL BUGGS,
   Plaintiff,

vs.                                      No. 06-1131

OFFICER CENTELNELA, et.al.,
   Defendants

CASE MANAGEMENT ORDER

      This cause is before the court for consideration of the defendants' motion to dismiss the complaint. [d/e 16].

      The court conducted a merit review of the plaintiff's complaint on August 25, 2006. The plaintiff, a federal prisoner, did not specify whether he intended to file his lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) or the Federal Tort Claims Act. (Herein FTCA). The plaintiff named two defendants: Correctional Officers Centelnela and Giaird. The plaintiff provided proof that he had exhausted his administrative remedies for a claim pursuant to the FTCA, but he had not named the proper defendant. Therefore, the court considered both potential causes of action.

      The plaintiff alleged that officers at the Federal Correctional Institution in Pekin, Illinois were responsible for the inventory of his personal property on October 4 and 5 of 2005. The plaintiff claimed that when he attempted to retrieve his property, he found several items missing. The plaintiff believed that Officer Giaird threw away several items to reduce his work load. The plaintiff was asking to be reimbursed for his property.

      The court found that the plaintiff had failed to state a violation of his constitutional rights, but had adequately alleged a claim pursuant to the FTCA. The court added the United States as the proper defendant in the case and dismissed the two named officers. This defendant has now filed a motion to dismiss the complaint arguing that the plaintiff's claim is barred by the detention of goods exemption to the FTCA.

      The United States "cannot be sued without its consent." *Macklin v United States,* 300 F.3d 814, 820 (7th Cir. 2002). However, the FTCA provides for a waiver of this sovereign immunity for "claims against the United States, for money damages...for...loss of property...caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C.§ 1346 (b). Nonetheless, there are numerous exceptions to this waiver of immunity. *See* 28 U.S.C. §2680(a)-(n).

      The defendant points to 28 U.S.C. §2680c which exempts "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by an officer of customs...or any other law enforcement officer." *Id.* The defendants also point to case law holding that Bureau of Prison employees are considered law enforcement officers within the meaning of this exception. *See French v. United States of America,* 2005 WL 1398828 (S.D. Ind. 2005); *See also Parrott v United States of America,* 2006 WL 146626 (S.D. Ind. Jan. 19, 2006). The defendant is correct and the court must dismiss the plaintiff's

1

lawsuit as it lacks subject matter jurisdiction over the plaintiffs' claim.

The court notes that the plaintiff has filed a response to the defendant's motion to dismiss. He states that he did not intend to sue the United States and the court should not have dismissed his claim against the two Bureau of Prisons Officers. The court stands by its August 25, 2006 order, the plaintiff failed to state a violation of his constitutional rights and therefore has no surviving claims.

**IT IS THEREFORE ORDERED that:**

**1) The defendant's motion to dismiss the complaint is granted. [d/e 16] The plaintiff has failed to state a claim pursuant to the Federal Tort Claims Act and therefore this court does not have subject matter jurisdiction over the plaintiff's claim.**

**2) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00.**

**3) The plaintiff is responsible for ensuring the $350.00 filing fee is paid to the clerk of the court even though his case has been dismissed. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**4) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter 06/25/07

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE