UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL BUGGS,
   Plaintiff,

vs.                               No. 06-1131

OFFICER CENTELNELA, et.al.,
   Defendants

CASE MANAGEMENT ORDER

      This cause is before the court for consideration of the defendants' motion to reconsider the court's June 25, 2007 court order granting the defendants' motion to dismiss, motion to withdraw the motion to dismiss and reinstate the plaintiff's case. The motion is granted. [d/e 25]

      Based on the court's August 25, 2006 merit review, the court found that the plaintiff had one surviving claim: that the defendant United States of America violated the plaintiff's rights under the Federal Tort Claims Act. The plaintiff specifically alleged that officers at the Federal Correctional Institution in Pekin, Illinois were responsible for the inventory of his personal property on October 4 and 5 of 2005. The plaintiff claimed that when he attempted to retrieve his property, he found several items missing. The plaintiff believed that Officer Giaird threw away several items to reduce his work load. The plaintiff requested that the defendants reimburse him for his property.

      The defendants filed a motion to dismiss arguing that Section 2680c of the Civil Asset and Forfeiture Act of 2000 precluded "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by an officer of customs...or any other law enforcement officer." *Id.* The defendants further pointed to case law holding that Bureau of Prison employees are considered law enforcement officers within the meaning of this exception. *See French v. United States of America,* 2005 WL 1398828 (S.D. Ind. 2005); *See also Parrott v United States of America,* 2006 WL 146626 (S.D. Ind. Jan. 19, 2006).

      After the defendants filed their motion to dismiss, the Seventh Circuit entered its decision in *Dahler v. United States,* 473 F.3d 769 (7th Cir. 2007) rejecting the defendants argument and holding that §2680c did not apply to law enforcement officers other than those charged with duties involving the detention of property involving tax or customs.[1] The court also notes that this issue is currently before the United States Supreme Court in *Ali v Bureau of Prisons,* 2007 WL 278844 (May 29, 2007). The Supreme Court recently granted certiorari in this Eleventh Circuit Court of Appeals case which held that the actions of corrections officers who allegedly mishandled an inmate's property fall within the exception of 28 U.S.C. §2680c.

---

     [1]The defendants are reminded that although the *Dahler* decision came after they filed their motion to dismiss and before the court's ruling, the defendants are responsible for updating any motions before the court with accurate and current case law.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion for reconsideration of the June 25, 2007 Court Order and**
**motion to reinstate the plaintiff's case is granted. [d/e 25]**

**2) The clerk of the court is directed to vacate the June 25, 2007 Court Order and reinstate the plaintiff's case.  The plaintiff has one surviving claim that Defendant United States of America violated the plaintiff's rights under the Federal Tort Claims Act.   There is only one defendant in this case and therefore the clerk of the court should amend the caption to "Buggs v. United States of America."**

**3) The defendants' motion to withdraw their motion to dismiss is granted. [d/e 16]**

**4) This case shall proceed solely on those federal claim identified in paragraph two above.  Any claims not set forth in paragraph two above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.** *See also* **August 25, 2006 Merit Review Order.**

**5. The court will abide by the following scheduling deadlines: 1) all discovery must be completed on or before Friday, January 11, 2008; and 2) and dispositive motions must be filed on or before Friday, February 15, 2008.**

Entered this _3rd___ day of July, 2007.

                                       **s\Harold A. Baker**
                                       _____
                                         Harold A. Baker
                                    United States District Judge