UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL BUGGS,
   Plaintiff,

vs.                                               No. 06-1131

OFFICER CENTELNELA, et.al.,
   Defendants

CASE MANAGEMENT ORDER

     This cause is before the court for consideration of the Defendants' motion for summary judgement. [d/e 28]

     On August 25, 2006, the court conducted a merit review of the Plaintiff's complaint and found he had alleged that the Defendant United States of America violated the Plaintiff's rights under the Federal Tort Claims Act. The Plaintiff specifically alleged that officers at the Federal Correctional Institution in Pekin, Illinois were responsible for the inventory of his personal property on October 4 and 5 of 2005. The Plaintiff claimed that when he attempted to retrieve his property, he found several items missing. The Plaintiff wanted the Defendant to reimburse him for his property. *See* August 25, 2006 Court Order.

     As the court noted, the United States "cannot be sued without its consent." *Macklin v United States,* 300 F.3d 814, 820 (7th Cir. 2002). However, the FTCA provides for a waiver of this sovereign immunity for "claims against the United States, for money damages...for...loss of property...caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C.§ 1346 (b).

     Nonetheless, there are numerous exceptions to this waiver of immunity. *See* 28 U.S.C. §2680(a)-(n). For instance, 28 U.S.C. §2680c exempts "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by an officer of customs...or any other law enforcement officer." *Id.* The Defendant originally filed a motion to dismiss based on case law holding that Bureau of Prison employees were considered "law enforcement" officers within the meaning of this exception. *See French v. United States of America,* 2005 WL 1398828 (S.D. Ind. 2005); *See also Parrott v United States of America,* 2006 WL 146626 (S.D. Ind. Jan. 19, 2006).

     The court granted the Defendants' initial motion to dismiss, but then vacated that order and reinstated the Plaintiff's case after the Seventh Circuit entered its decision in *Dahler v. United States,* 473 F.3d 769 (7th Cir. 2007) rejecting the Defendants argument and holding that §2680c did not apply to law enforcement officers other than those charged with duties involving the detention of property involving tax or customs.

1

The Defendant has now filed a motion for summary judgement based on the recent Supreme Court case of *Ali v. Federal Bureau of Prisons,*__U.S. ____(2008); 128 S.Ct. 831 (2008).  In *Ali,* a federal inmate also sued under the Federal Tort Claims Act after he claimed prison officials mishandled his belongings.  The Supreme Court held that Bureau of Prison officers who lost the inmate's property were in fact "law enforcement officers" within the meaning of §2680. *Id.* at 841.

The Plaintiff argues that because this Supreme Court case was decided after he filed his complaint, it should not apply to his lawsuit.  However, this court "must give retroactive effect to the *Ali* Court's controlling interpretation of federal law and apply that ruling retroactively to this case." *Clark v. United States,* 2008 WL 835267 at 2.   The motion for summary judgement is granted.

**IT IS THEREFORE ORDERED that:**

**1) The Defendant's motion for summary judgment is granted. [d/e 28 ].  The Clerk of the court is directed to enter judgment in favor of the Defendant and against the Plaintiff pursuant to Fed. R. Civ. P. 56.  The case is terminated.  The parties are to bear their own costs.**

**2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)©.  If the Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the Plaintiff may also accumulate another strike under 28 U.S.C. 1915(g)**

**3) The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The Plaintiff is responsible for ensuring the $350.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The Plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 28th day of August, 2008.

                                           s\Harold A. Baker
                               _____
                                       HAROLD A. BAKER
                               UNITED STATES DISTRICT JUDGE